**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

|  |  |
|---|---|
| MANSFRED J. YOUNGER, | |
| Petitioner, | Civil Action No. 18-16440(RMB) |
| v. | **OPINION** |
| BRUCE DAVIS and THE ATTORNEY GENERAL OF THE STATE OF NEW JERSEY, | |
| Respondents. | |

**BUMB**, District Judge

This matter comes before the Court upon the Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 filed by Petitioner Mansfred J. Younger ("Petitioner"), an inmate presently confined in New Jersey State Prison in Trenton, New Jersey. (Pet., ECF No. 1.) Respondents filed an answer opposing habeas relief and arguing that the petition should be dismissed as a "mixed petition," i.e., a petition containing both exhausted and unexhausted claims. (Answer, ECF No. 7.) As discussed below, the petition is subject to dismissal as a mixed petition pursuant to Rose v. Lundy, 455 U.S. 509 (1982). Petitioner is directed to advise the Court as to how he wishes to proceed.

I. PROCEDURAL HISTORY

Following a jury trial, on May 20, 2011, a judgment of

1

conviction ("JOC") was entered against Petitioner in New Jersey Superior Court, Camden County upon his conviction by a jury of first-degree murder, N.J. Stat. Ann. § 2C:11-3A(1); first-degree attempted murder, N.J. Stat. Ann. §§ 2C:5-1, 2C:11-3A(1); second-degree aggravated assault, N.J. Stat. Ann. § 2C:12-1B(1); third-degree aggravated assault, N.J. Stat. Ann. § 2C:12-1B(1); first-degree conspiracy to commit murder, N.J. Stat. Ann. §§ 2C:5-2, 2C-11:3A(1); second-degree possession of a weapon for an unlawful purpose, N.J. Stat. Ann. § 2C:39-4A; third-degree unlawful possession of a weapon, N.J. Stat. Ann. § 2C:39-5B; and two counts of third-degree endangering of an injured victim, N.J. Stat. Ann. § 2C:12-1.2. (Answer, Ex. 3, ECF No. 8-3, at 1, 4.) Petitioner was sentenced to a sixty-year term of imprisonment, subject to an 85% parole disqualifier under the No Early Release Act ("NERA"), on the first-degree murder conviction; and a consecutive 18-year prison term on the first-degree attempted murder conviction, also subject to an 85% parole disqualification period under NERA. (Id. at 1, 4.) Petitioner additionally received five-year terms of imprisonment on his convictions for endangering an injured victim and unlawful possession of weapons to run concurrently with his sentences for murder and attempted murder. (Id. at 5.) The remaining convictions were merged for the purpose of sentencing. (Id.)

Petitioner filed an appeal of his conviction and sentence

with the New Jersey Superior Court, Appellate Division. (Answer, Ex. 4, ECF No. 8-4, at 82.) On appeal, Petitioner raised five issues: (1) that the trial court erred in not properly instructing the jury on how to evaluate Petitioner's out-of-court statements; (2) that the trial court erred in ordering that jury selection be restarted after improper references were made to the custodial status of certain witnesses and defendant's federal sentence on unrelated charges; (3) that the trial court erred in admitting prejudicial testimony that defendant was indifferent to the victim's death; (4) that the prosecutor committed misconduct during her summation; and (5) that Petitioner's aggregate 78 year sentence was manifestly excessive. (Id. at 2-3.) The Appellate Division, in an unpublished opinion, affirmed Petitioner's conviction and sentence on April 11, 2014. (Answer, Ex. 7, ECF No. 8-7.) Petitioner filed a petition for certification with the New Jersey Supreme Court, which was denied on October 9, 2014. (Answer, Ex. 11, ECF No. 8-11.)

On March 31, 2015, Petitioner filed a petition for post-conviction relief ("PCR") with the Superior Court, Law Division, Camden County. (Answer, Ex. 12, ECF No. 8-12.) In his PCR petition, Petitioner raised several ineffective assistance of counsel claims, arguing that his trial counsel was constitutionally deficient for failing to communicate with him and failing to call as witnesses at trial Richard Barge, Antoine

Albert, and Henry Cole, who he claimed would have offered exculpatory testimony. (Answer, Ex. 13, ECF No. 8-13, at 11–13.)

The Superior Court held on evidentiary hearing on Petitioner's claim that counsel should have called Barge as a witness at trial. (Answer, Ex. 78, ECF No. 8-78.) Both Barge and Petitioner's trial counsel testified at the evidentiary hearing. (See id.) Following the presentation of testimony, the Superior Court denied the PCR petition. (Id. at 37–43.) Petitioner appealed that decision to the Appellate Division, where he again raised his claim that his trial counsel was ineffective for failing to call Barge at trial. (Answer, Ex. 19, ECF No. 8-19, at 2.) The Appellate Division affirmed the decision of the PCR court. (Id. at 2–6.) Petitioner raised the same issue in a petition for certification with the New Jersey Supreme Court, which was denied on October 23, 2018. (Answer, Ex. 23, ECF No. 8-23.) Petitioner filed the instant petition on November 21, 2018. (Pet. at 35.)

II. EXHAUSTION OF STATE COURT REMEDIES

28 U.S.C. § 2254(b)(1)(A) provides that "[a]n application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State." To fully exhaust state court remedies, a petitioner must fairly present his federal claims in one complete round of the State's established appellate review

process. O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). In New Jersey, exhaustion of federal claims includes first presenting the claims to the state trial and appellate courts, and in a petition for review in the New Jersey Supreme Court. See Johnson v. Pinchak, 392 F.3d 551, 556 (3d Cir. 2004). To "fairly present" a claim, the petitioner must present the factual and legal substance of the claim in a manner that puts the state court on notice that a federal claims is being presented, allowing the court an opportunity to apply controlling legal principles bearing on the constitutional claim. Picard v. Connor, 404 U.S. 270, 275, 276-77 (1971). The exhaustion requirement is one of "total exhaustion" and a habeas petition that contains both exhausted and unexhausted claims is a mixed petition that is subject to dismissal. Rose, 455 U.S. at 522.

   i.  Ground One

In Ground One, Petitioner asserts that his conviction should be vacated and a new trial held based on newly discovered evidence that demonstrates that he is actually innocent. (Pet. 9-18.) The so-called "newly discovered" evidence presented by Petitioner are affidavits from Richard Barge, Allan Davis, and Manuel Concepcion that Petitioner alleges contain exculpatory information. (See id.) Petitioner asserts that he raised this claim "in 'a' state court" through a motion for a new trial filed in the Superior Court. (See id. at 14.) Respondents assert that Petitioner did

5

file a motion for new trial in the Superior Court in August 2017 but cannot confirm the grounds for relief raised in that motion as they have been unable to obtain any copy of the motion. (Answer 15-16.) Nevertheless, Respondents have provided the Court with a copy of the order dismissing Petitioner's motion for a new trial without prejudice for lack of jurisdiction because there was already an appeal pending in Petitioner's case when the motion was filed. (Answer, Ex. 21, ECF No. 8-21.) It does not appear that Petitioner ever refiled that motion or filed any appeal of the trial court's dismissal. Because Petitioner failed to present this claim for a full round of review in the New Jersey State Courts, it is unexhausted. See O'Sullivan, 526 U.S. at 845.

Nevertheless, the Court construes the Petition to argue that because Petitioner claims he is actually innocent, the Court should excuse his default under the "'actual innocence' exception . . . to procedural bars to relief." (See Pet. 13.) A claim of actual innocence may act as a gateway through which a district court may hear an untimely or procedurally defaulted claim for habeas relief. Reeves v. Fayette SCI, 897 F.3d 154, 160 (3d Cir. 2018). The actual innocence exception, however, does not apply to unexhausted claims. Buxton v. Pennsylvania, 2017 WL 1383930, at *1 (W.D. Pa. Apr. 14, 2017) ("While there may be an actual innocence exception to procedural default, no such actual innocence exception to the requirement that a Petitioner exhaust his state court remedies

6

before coming to federal court exists."); see also Johnson v. Glunt, No. 14-2317, 2014 WL 5334078, at *3–4 (E.D. Pa. Oct. 20, 2014); Saunders v. Comm'r, Dep't of Corr., No. 10cv410, 2011 WL 572313, at *2–3 (D. Conn. Feb. 15, 2011) ("[O]ther courts have held that while a claim of actual innocence might avoid a procedural default, it will not excuse a defendant from exhausting available state remedies."). The actual innocence exception will not excuse a failure to exhaust because such an exception would "eviscerate[]" the exhaustion requirement, Johnson, 2014 WL 5334078, at *3–4, which the Supreme Court has consistently emphasized is a critical part of the Antiterrorism and Effective Death Penalty Act's ("AEDPA") "goal of promoting comity, finality, and federalism by giving state courts the first opportunity to review [a] claim, and to correct any constitutional violation in the first instance," Cullen v. Pinholster, 563 U.S. 170, 185 (2011) (alteration in original) (quoting Jimenez v. Quarterman, 555 U.S. 113, 121 (2009)).

Accordingly, the Court finds that Ground One is subject to dismissal for failure to exhaust state remedies.

ii. Ground Two

In Ground Two, Petitioner claims that his counsel was ineffective in violation of the Sixth Amendment for failing to call Barge and Davis as witnesses at trial and for not properly investigating their testimony in a way that would have led him to

7

Concepcion. (Pet. 18–21.) Respondents concede that Petitioner duly exhausted his claim that his counsel was ineffective for failing to call Barge as a witness at trial, Petitioner having raised this claim at all levels of New Jersey's established review process. (Answer 36–37.) Petitioner's other ineffective assistance of counsel claims, however, were never presented to the New Jersey state courts and are thus unexhausted.

    iii. <u>Ground Three</u>

In Ground Three, Petitioner raises several claims related to his sentence, arguing that it is manifestly excessive, that New Jersey's statute for enhanced sentences on first-degree murder convictions is unconstitutionally vague, that his sentence violates the Eighth Amendment, and that the trial court erroneously required an 85% parole disqualification period under New Jersey's No Early Release Act ("NERA"). (Pet. 24–26.) Respondents argue that the only claim related to Petitioner's sentence that was raised in state court was that the sentencing judge abused his sentencing discretion. (Answer 27.) Respondents argue that the remaining sentencing claims, including his federal constitutional claims, are unexhausted as they were never presented to the state court. The Court agrees. A review of the relevant record of Petitioner's direct appeal demonstrates that he did not present his federal constitutional claims related to his sentence or his claim that NERA should not have applied to his sentence to the New

8

Jersey Courts. Thus, these claims are unexhausted.

### iv. Dismissal as a Mixed Petition

Because it is apparent that the Petition contains a mix of exhausted and unexhausted claims, it is a "mixed petition" that is subject to dismissal under Lundy, 455 U.S. 509. Despite Lundy's total exhaustion rule, district courts have four options when faced with a mixed petition: (1) stay the petition pending the outcome of state proceedings; (2) allow the petitioner to delete the unexhausted claims and proceed on the exhausted claims; (3) dismiss the petition without prejudice as unexhausted; or (4) deny the unexhausted claims on the merits under 28 U.S.C. § 2254(b)(2). See Rhines v. Weber, 544 U.S. 269, 277 (2005); McLaughlin v. Shannon, 454 F. App'x 83, 86 (3d Cir. 2011); Mahoney v. Bostel, 366 F. App'x 368, 371 (3d Cir. 2010); Urcinoli v. Cathel, 546 F.3d 269, 276 (3d Cir. 2008).

At this time, the Court is unprepared to deny the Petition on the merits. Nevertheless, the Court is cognizant that if it were to dismiss the Petition without prejudice as a mixed petition, it is possible that by the time Petitioner exhausts his state court remedies, the AEDPA's one-year statute of limitations would be expired. See Crews v. Horn, 360 F.3d 146, 151–52 (3d Cir. 2004). Accordingly, Petitioner is directed to advise the Court as to how he would like to proceed, i.e., whether he would prefer to return

to state court and exhaust his claims or withdraw his unexhausted claims and proceed only on the exhausted claims highlighted above.

If Petitioner wishes to return to state court to exhaust his claims, he may file a motion for stay and abeyance pursuant to Rhines, 544 U.S. at 276-79. In Rhines, the Supreme Court held that district courts have the discretion to stay mixed habeas petitions where there is good cause for petitioner's failure to exhaust and the unexhausted claims are not plainly without merit. Id. at 277. Any motion brought by Petitioner for a stay of this proceeding must address both of the Rhines factors.

Conversely, however, Petitioner may choose to withdraw his unexhausted claims and proceed only on his exhausted claims. If Petitioner chooses this option, he should be advised that he may be precluded from bringing any additional habeas claims pursuant to the statute of limitations and the limitation on second or successive habeas petitions in 28 U.S.C. § 2244(b)(3).

### III. CONCLUSION

Petitioner has presented a mixed habeas petition, which this Court is required to dismiss. Petitioner will first be given the opportunity to file a motion seeking a stay and abeyance while he returns to state court to exhaust his unexhausted federal claims. If Petitioner chooses this option, he should describe in a motion for stay and abeyance his good cause for failing to exhaust his federal claims before bringing his habeas petition and explain why

his unexhausted claims are not plainly meritless.  Alternatively, Petitioner may withdraw his unexhausted claims and proceed only on his exhausted claims.  An appropriate order follows.


Dated: September 4, 2019

                                          s/Renée Marie Bumb
                                          **RENÉE MARIE BUMB**
                                          **United States District Judge**